## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AHMAD BROWN,

          Plaintiff,

v.                                        Case No. 8:22-cv-2737-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

          Defendant.

_____

## OPINION AND ORDER[2]

### I.   Status

Ahmad Brown ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of back pain, neck pain, leg pain, a traumatic brain injury, muscle spasms, bipolar disorder, anxiety, depression, seizures, memory loss, and loss of smell. Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or

---

[1]      Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed January 30, 2023; Reference Order (Doc. No. 12), entered February 2, 2023.

"administrative transcript"), filed January 30, 2023, at 76, 92, 220. Plaintiff protectively filed an application for SSI on October 13, 2020, alleging a disability onset date of November 6, 2019. Tr. at 203-09.[3] The application was denied initially, Tr. at 75-90, 91, 112-18, 119, 121, and upon reconsideration, Tr. at 92-102, 103, 124-25.[4]

On December 9, 2021, an Administrative Law Judge ("ALJ") held a hearing,[5] during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 31-48. At the time, Plaintiff was forty-one (41) years old. Tr. at 34. On February 25, 2022, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 15-26.[6]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 191-93 (request for review), 317 (brief). On September 27, 2022, the Appeals Council denied

---

[3] The SSI application was actually completed on October 30, 2020, Tr. at 203, but the protective filing date is listed elsewhere in the administrative transcript as October 13, 2020, Tr. at 76, 92. The administrative transcript also contains an application for and denial of disability insurance benefits (DIB) because Plaintiff did not have enough work credits. Tr. at 196-202, 108-10. That denial is not at issue here.

[4] Some of these cited documents are duplicates.

[5] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 33, 127-40, 156-57, 183-84.

[6] The administrative transcript also contains an ALJ decision dated November 5, 2019 and an Appeals Council Order that adjudicated prior-filed claims for DIB and SSI. Tr. at 52-62, 70-72. The adjudication of the prior-filed claims is not at issue here.

Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On December 1, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in "finding that [Plaintiff] had the severe impairment of anxiety, but failing to craft a residual functional capacity [('RFC')] that accommodates this impairment." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 15; "Pl.'s Mem."), filed April 17, 2023, at 3 (emphasis and capitalization omitted). On July 7, 2023, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[7]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-26. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since October 13, 2020, the application date."[8] Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: sciatica, history of traumatic subdural hemorrhage, depression, and anxiety." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the

---

[8]     Plaintiff did work after the alleged onset date, but the ALJ found this work did not rise to the level of substantial gainful activity. Tr. at 17.

severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8-hour day; sit for 6 hours in an 8-hour day; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; no climbing ladders and scaffolds; occasionally work around moving, mechanical parts; no working around high, exposed places; able to perform simple, routine, repetitive tasks; able to understand, remember, and carry out simple instructions; limited to work that requires occasional changes in the work setting; and unable to meet fast paced, high production demands.

Tr. at 20 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "lawn service worker" and a "sales clerk, retail." Tr. at 25 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("40 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 25 (emphasis and citations omitted), such as "Office Helper," "Marker," and "Marker II," Tr. at 26. The ALJ concluded Plaintiff "has not been under a disability . . . since October 13, 2020, the date the application was filed." Tr. at 26 (emphasis and citation omitted).

- 5 -

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

# IV.   Discussion

Plaintiff challenges the ALJ's assessment of his RFC as it relates to his allegation that he suffers daily panic attacks as a result of his anxiety. Pl.'s Mem. at 3-5. According to Plaintiff, the ALJ improperly rejected Plaintiff's allegations without "adequate resolution of the panic attacks issue." Id. at 4. Responding, Defendant argues that the ALJ assigned an RFC that is consistent with the evidence, and the ALJ recognized, without fully accepting, Plaintiff's panic attack allegations. Def.'s Mem. at 5-11.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to pain and other symptoms:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and

aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even

those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ adequately assessed Plaintiff's subjective complaints of panic attacks, ultimately arriving at an RFC that is supported by substantial evidence. To begin, the ALJ discussed Plaintiff's testimony and his wife's reports that Plaintiff experiences panic attacks on a daily basis. Tr. at 21-22; see Tr. at 36-37 (Plaintiff testifying about the attacks), 231-33 (Plaintiff's wife's report).

As to Plaintiff's and his wife's allegations, the ALJ found the "statements concerning the intensity, persistence, and limiting effects of . . . [Plaintiff's] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 22. The ALJ then found specifically as to the alleged panic attacks that Plaintiff's "mental status examinations were unremarkable" and that Plaintiff's and his wife's allegations "are only partially consistent because the treatment records do not support their allegations." Tr. at 22.

Discussing the medical evidence, the ALJ wrote that recent progress notes showed stable anxiety and depression. Tr. at 22 (citing Ex. B2F at 5-11, located at Tr. at 366-72). The ALJ also noted other mental status exams being stable. Tr. at 23 (citations omitted). The ALJ did not discuss in detail progress notes from Plaintiff's psychiatric provider, likely because they are very difficult to read. See Tr. at 486-508, 530-32, 587-614.[9] The Court notes that March 2020 and March 2018 diagnostic interviews from this provider do not even associate Plaintiff's anxiety with panic attacks. Tr. at 494, 506.

The ALJ, after summarizing the evidence, assigned an RFC that restricts Plaintiff to "simple, routine, repetitive tasks" with the "ab[ility] to understand, remember, and carry out simple instructions"; tolerance for "occasional changes in the work setting"; and "[inability] to meet fast paced, high production demands." Tr. at 20. These mental restrictions show that the ALJ accepted in part what Plaintiff alleged about his limitations. Plaintiff essentially invites the Court to reweigh the evidence on this matter and determine that the RFC restriction was insufficient. The Court declines to do this. The ALJ's findings are supported by substantial evidence and need not be disturbed.

---

[9]       Some of these records are duplicated in the administrative transcript.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 20, 2024.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record